**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

ROBERT D CARTER,                  *
ADC #088351                       *
                                  *
            Petitioner,           *
v.                                *        No. 3:18cv00206-DPM-JJV
                                  *
WENDY KELLEY, Director,           *
Arkansas Department of Correction,*
                                  *
            Respondent.           *

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy or the original of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Mr. Carter filed a *pro se* Petition for Writ of Habeas Corpus on November 1, 2018.  (Doc. No. 1.)  On December 19, 2018, the Court granted Petitioner's Application to Proceed without Prepayment of Fees and Affidavit, (Doc. No. 9), but ordered Mr. Carter to submit an Amended Petition with a cognizable federal habeas claim within 30 days.[1]  (*Id.*)  Petitioner failed to comply with this order in violation of Local Court Rule 5.5(c)(2), so the Petition should be dismissed on that basis alone.

Additionally, Mr. Carter has stated no viable federal claim.  Upon review of Mr. Carter's Petition, he states he "is being held in violation of the Constitution of Arkansas."  (Doc. No. 1 at 2.)  However, according to Rule 1 of the Rules Governing Section 2254 Cases in the United States District Courts, a person seeking federal habeas relief is required to bring a claim that he is being

---

[1]Local Rule of the Court 5.5(c)(2), states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number.  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

held in violation of the "Constitution, laws, or treaties of the United States."  Mr. Carter's Petition only alleges he is being held in violation of the Arkansas Constitution, requiring dismissal of this cause of action.

Lastly, according to Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts, a valid Petition for a Writ of Habeas Corpus "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."  The Petition filed by Mr. Carter does not substantially conform to the standard form of a habeas petition.  It does not state the facts supporting each ground, nor does it state the relief requested. Dismissal based on Rule 2(d) is also appropriate.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.     This cause of action (Doc. No. 1) should be DISMISSED without prejudice.

DATED this 24th day of January 2019.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE